COMMONWEALTH *vs.* CHARLES H. WHITNEY.

An appellant from the decision of a police court convicting him of an offence, who forfeits his recognizance to prosecute the appeal in the superior court, waives his right to a trial by jury, and may be sentenced under the Gen. Sts. *c.* 173, § 5, upon his default.

COMPLAINT to the municipal court of the city of Worcester, March 3, 1870, that on January 20, 1870, and divers other days and times between that day and the first named date, the defendant kept and maintained at Webster a tenement, there situate, then and there used for the illegal sale and illegal keeping of intoxicating liquor, and being a common nuisance. On March 5, 1870, he was arraigned thereon in the municipal court pleaded

that he was not guilty ; was tried and found guilty ; appealed and recognized with sureties in the sum of $500 for his personal appearance before the superior court at May term 1870 to prose-cute his appeal. In the superior court, at that term, he was de-faulted ; and being arrested after default, and placed at the bar at October term 1870 for sentence, he moved to arrest judgment on the ground " that the statute authorizing a sentence upon default is unconstitutional and void, and that he ought before sentence to be entitled to a trial by a jury." This motion was overruled by *Brigham,* C. J. ; and the defendant alleged excep-tions.

*G. F. Verry & F. A. Gaskill,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

MORTON, J. The fifth section of chapter 173 of the General Statutes provides that, " if the appellant fails to enter and prose-cute his appeal, he shall be defaulted on his recognizance, if any was taken, and the superior court may award sentence against him for the offence whereof he was convicted, in like manner as if he had been convicted in that court." The defendant contends that this section is unconstitutional, because it violates the twelfth article of the Bill of Rights, which provides that " no subject shall be arrested, imprisoned, despoiled, or deprived of his prop-erty, immunities, or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty or estate, but by the judgment of his peers, or the law of the land."

This objection cannot be sustained. It has been the uniform practice of the legislature, since the adoption of the Constitution, to pass laws regulating the mode in which the rights secured to the subject by the Bill of Rights and Constitution shall be en-joyed. And if the subject neglects to comply with these regula-tions, he thereby waives his constitutional privileges. *Jones* v. *Robbins,* 8 Gray, 329, 341. *Commonwealth* v. *Walton,* 11 Allen, 238, 240. The statute in question falls within this principle. It gives any person convicted before a justice of the peace or police court the right to appeal to the superior court and to have a trial by jury, and makes regulations which are reasonable and neces-sary as to the mode in which he may enter and prosecute his

appeal. Gen. Sts. *c.* 173, §§ 1–5. If he neglects so to enter and prosecute his appeal, he waives his right of a trial by jury, and the provision of the fifth section, that he may thereupon be defaulted and sentenced, is not unconstitutional.

The objection, that this statute violates the provisions of the sixth article of amendment of the Constitution of the United States, cannot prevail. This article is a restriction upon the government of the United States only, and does not apply to the laws of the several states. *Jones* v. *Robbins*, 8 Gray, 329. *Commonwealth* v. *Hitchings*, 5 Gray, 482 *Exceptions overruled.*