JOHN S. KENNEY'S CASE.

The discretionary power of a judge of the probate court, under the St. of 1870, *c.* 359,
  § 11, to sentence boys convicted by him to such other punishment as is provided for the
  offence than commitment to a reformatory institution, is not limited to boys between
  twelve and fourteen years old.

The right of appeal to the superior court, given by the Gen. Sts. *c.* 76, § 24, to any boy
  convicted and sentenced by a judge of the probate court, extends to convictions and
  sentences by judges of the probate court under the Sts. of 1870, *c.* 359, and 1871, *c.* 365.

HABEAS CORPUS to the master of the house of correction in
Boston, upon the petition of Francis P. Kenney, verified by oath
on September 20, 1871, in behalf of his son, John S. Kenney,
alleging that said John S. was imprisoned and restrained of his
liberty by the said master; that the cause or pretence of the im-
prisonment was a mittimus issued by the judge of the probate
court for Suffolk; that the said John S. was a minor more than
sixteen years old; and that said imprisonment was unlawful;
and annexing a copy of the mittimus. By this copy, it appeared
that the mittimus bore date of July 31, 1871; recited that John
S. Kenney, a minor less than seventeen years old, stood convicted
before the judge of the probate court of embezzling property of
the value of $1040 at Boston on July 23, 1871, for which offence
he was sentenced by that court to be committed to the house of

correction in Boston, and put to hard labor there for eighteen months from said July 31; and commanded the master of the house of correction to receive him and keep him in custody until the expiration of the eighteen months, or his discharge otherwise in due course of law.

The master made return, justifying his holding of the prisoner by virtue of the mittimus; and the case was heard by *Colt*, J., and reserved for the decision of the full court, upon the petition, writ, return, and agreed facts, by which it appeared that the prisoner was born May 15, 1855, and that the proceedings in his case were as follows:

On July 26, 1871, complaint was made to the municipal court of the city of Boston, that on July 23, 1871, at that city, the said John S. Kenney, being then and there the clerk and servant of William D. Pickman, and not being his apprentice or less than sixteen years old, embezzled two money orders, of the property of his said employer and of the value of $1040. The accused was arrested and taken before the municipal court, upon the warrant issued on this complaint; and an order was then indorsed by the presiding justice upon the warrant, that, "it appearing to said court that the said Kenney is a person under the age of seventeen years, it is ordered that he be taken before the judge of probate for Suffolk County." Thereupon, on July 31, 1871, he was taken, with the warrant and the complaint, before the judge of probate, and the proceedings were had which were recited in the copy of mittimus which was annexed to the petition.

*J. B. Richardson*, for the petitioner.

*J. C. Davis*, Assistant Attorney General, (*C. Allen*, Attorney General, with him,) for the Commonwealth.

AMES, J. The petitioner was brought before the municipal court of the city of Boston, on a complaint in which he was charged with the felonious embezzlement of a large sum of money, namely, one thousand and forty dollars, from his employers; the offence being one not punishable by imprisonment for life, and not within the final jurisdiction of any police or municipal court in the county of Suffolk. Before any trial was had upon

the complaint, it was made to appear that he was under the age of seventeen years. The justice then presiding in the municipal court thereupon made " an indorsement of the fact upon the original warrant; " and the officer who served the warrant took the petitioner, with the complaint and warrant, before the judge of the probate court for the county of Suffolk. So far, all the proceedings were in conformity with the terms of the St. of 1870, *c.* 359, § 7, as modified and amended by the St. of 1871, *c.* 365. The judge of probate then proceeded to exercise jurisdiction, and try the complaint. Upon that trial, the petitioner was found guilty, and the judge, being of the opinion that he was not a fit subject for either branch of the state reform school, sentenced him to imprisonment at hard labor in the house of correction for the term of eighteen months, a sentence which does not exceed the limits of the punishment provided by law for the offence with which he stood charged.

The petitioner insists that this sentence was unlawful, for two reasons, namely, that the statute does not purport to authorize the judge of probate to inflict such a sentence ; and even if it did, it would be unconstitutional, and therefore void, for the reason that it gives no right of appeal, and deprives the accused of all opportunity to have a trial by jury. Neither of these objections appears to us to be tenable.

The judge is authorized by the St. of 1870, *c.* 359, § 11, to sentence any boy so convicted by him to any institution established by authority of the laws of this Commonwealth for the reformation of juvenile offenders ; " or, if below the age of twelve years, to the state reform school; if above the age of fourteen years, to the Massachusetts nautical school ; and if between those ages, to either of said schools, in like manner, and subject to the same provisions of law as now apply to boys committed to said schools or institutions respectively, or in the discretion of the judge, to such other punishment as is provided for the offence." The petitioner insists that the only case in which the judge has a discretionary power to sentence, in any other manner than by commitment to some reformatory institution, is when the offender is between the ages of twelve and fourteen years. We cannot so

construe the statute. The true interpretation of the eleventh section is, that the magistrate may pass either one of various sentences in certain conditions depending upon the age of the offender, or in his discretion he may sentence him to such other punishment as is provided for the offence ; that is to say, if he finds the person convicted not to be a proper subject for reformatory discipline, he may treat him as an ordinary criminal. The construction claimed by the petitioner would lead to the absurdity that the statute increases the jurisdiction of the magistrate, extending it to older offenders and more aggravated offences, and at the same time prevents the exercise of that increased jurisdiction unless the offender happens to be under fourteen and over twelve years of age.

With regard to the point taken by the petitioner, as to the supposed denial of the right of appeal and of trial by jury, we think that, on taking the statutes upon this subject together, it will be found that there is no such denial. The provisions of Gen. Sts. c. 76, § 21, authorize the judge of the probate court of the county, when a boy under the age of sixteen is brought before him from any police court, &c., to have the same jurisdiction, in regard to commitment to the reform school, as if the boy had been brought before him upon an original complaint. The twenty-third section provides that "if the judge is of opinion that a boy brought before him is guilty, and is not a fit subject for either branch of the school, he shall, if the offence charged is one within the jurisdiction of police courts, sentence him to such punishment as is provided by law for the offence ; otherwise he shall bind him over to appear before the superior court for the same county, as police courts do in like cases." Section 24 provides that any boy "convicted and sentenced as aforesaid may appeal to the superior court" as in ordinary criminal cases ; a provision which amply secures to him the right of trial by jury. The Sts. of 1870, c. 359, and 1871, c. 365, purport to extend the jurisdiction of the judge, in the county of Suffolk, to boys under the age of seventeen years, and to any offence not punishable by imprisonment for life and not within the final jurisdiction of any police or municipal court in said county. But there is nothing in

either of the statutes which imports that there is to be any material change in the course of proceeding, or any change at all in the incidents of the trial or the rights of the party accused. The later statutes do not in terms give the right of appeal, but they do not take away any such right previously given. The increase of jurisdiction cannot be taken as an implied repeal of so clear a right as that of trial by jury upon appeal; and we cannot doubt that the statutes in question left the petitioner's right of appeal to the superior court entirely uninterrupted and unobstructed.

This view of the case disposes of all the grounds of objection relied upon by the petitioner in the argument. The questions suggested by the attorney general, whether the decision by the majority of the court in *Jones* v. *Robbins*, 8 Gray, 329, should be followed, and is applicable to this case, have not been argued for the petitioner, and can be raised by him, if he should see fit, upon a writ of error. *Fitzgerald* v. *Commonwealth*, 5 Allen, 509. If it should be held that the present sentence is illegal, and yet that the prisoner, upon these proceedings, might be sentenced to the nautical branch of the reform school, the writ of error is the appropriate remedy for the correction of the sentence.

*Petitioner remanded.*