### NATHANIEL ALLEN'S Case.

Middlesex.  January 9. — 13, 1879.  COLT & ENDICOTT, JJ., absent.

The St. of 1874, *c.* 306, § 1, providing that no person arrested on a criminal charge, who is released on bail or recognizance, and makes default, shall be permitted to go at large upon further bail or recognizance in the same case, without showing reasonable excuse for such default, is constitutional; and applies to a case in which a person held on a complaint for a certain offence has entered into a recognizance to answer to any indictment that might be found against him for the same offence, and has been defaulted on such recognizance, and afterwards applies to be permitted to recognize anew.

HABEAS CORPUS. At the hearing in this court, before *Ames*, J., it appeared that the petitioner was held in the Police Court of Lowell upon a complaint charging him with the burning of a building on January 20, 1878, and ordered to recognize

with sureties in the sum of $10,000 for his appearance to answer to any indictment which the grand jury might find against him for said burning, or to any other indictment which they might find against him at June term 1878 of the Superior Court, and, not so recognizing, was duly committed to jail on a mittimus; that said sum of $10,000 was afterwards reduced to $5000, and the petitioner recognized with sureties in the latter sum, according to said order; that when called to answer to an indictment found against him for said burning, at June term, he made default; that a writ of *scire facias* was sued out against him and his sureties, returnable to October term 1878 of the Superior Court, when judgment was entered thereon for the sum of $300; that within one week after the default he was surrendered by himself and his sureties to the custody of the sheriff of Middlesex county, upon a copy of the recognizance; that he has remained in jail at Lowell ever since the surrender; that at October term he was arraigned in the Superior Court upon the indictment against him, and a jury was empanelled to try him thereon; that the jury failed to agree upon a verdict, and was discharged; that thereupon he applied to the justice presiding at that term of the Superior Court to fix a sum in which he might recognize, with sureties, for his appearance to answer further to the indictment; that, upon a hearing, the justice found that he had deliberately made default, without any "reasonable excuse" therefor, and held that, under the St. of 1874, c. 306, he had no power to admit the petitioner to further bail or recognizance, and denied the application. The petitioner contended that the statute was unconstitutional; and that he was entitled to be admitted to bail, notwithstanding the statute.

Upon these facts, the judge reserved the case for the consideration of the full court. If the petitioner was entitled to be further admitted to bail, the petition was to stand for hearing · otherwise, the petition was to be dismissed.

*C. Cowley*, for the petitioner.

*C. R. Train*, Attorney General, &. *J. F. Brown*, Assistant Attorney General, for the Commonwealth, were not called upon.

GRAY, C. J. The court has no doubt that the case in which the indictment was found against the defendant was the same

case in which he had been bound over to answer to any indictment that might be found against him for the same offence; and that it is within the constitutional authority of the Legislature to enact, as it has done by the St. of 1874, *c.* 306, § 1, that a person accused of crime, who has once been released on bail or recognizance, and has forfeited the same and been surrendered by his sureties, shall not be allowed again to go at large in the same case on bail or recognizance, except by order of a judge of the court in which the charge was pending at the time of the default, and upon showing some reasonable excuse for the default or forfeiture. *Commonwealth* v. *Whitney*, 108 Mass. 5.

*Petition dismissed.*