## *In Re* C. AKANA.

### MANDAMUS.    BEFORE MCCULLY, J.

### SEPTEMBER, 1879.

Chapter 33, Laws of 1876, relating to Interpleader, does not apply to District and Police Magistrates.

The words "Court" and "Judge" import a Court of record or a Judge thereof.

Such power as is conferred by this statute is never given to Courts of inferior jurisdiction.

A Police Justice having no jurisdiction to proceed under this statute, Mandamus does not lie to compel him to certify up an appeal from his decision.

### DECISION OF MCCULLY, J.

It appears that the petitioner, having a judgment in the Police Court of Honolulu against one Aloka, levied on certain personal property, but that before the sale one Ah Chuck came before the Police Justice, on the 12th of September instant, and claimed to be entitled to the goods and chattels in execution in his own right; that the Police Justice, after notifying the petitioner,

heard evidence on the claim in pursuance of the provisions of Chapter 33 of the Acts of 1876, being an Act to amend the law of interpleader, and afterwards pronounced judgment in favor of the claimant and ordered the Marshal to deliver him the goods and chattels seized. From this judgment the petitioner asked for a certificate of appeal to the Intermediary Court, tendering the costs. The Police Justice refused to grant an appeal, basing his refusal on the 10th section of the Act. The petitioner now prays that he may be ordered to grant appeal.

*A. S. Hartwell,* for petitioner, urges:

The denial of the appeal is based on the provision in section 10, that the judgment and decision of the Court in a summary manner shall be final and conclusive against the parties and all persons claiming by, from or under them.

But this cannot intend to bar the general right of appeal provided against all decisions of a Police Justice.

1. Article 7 of the Constitution secures a jury trial in all cases heretofore used, and this statute only provides another method for the adjudication of a question which might be brought in trover or replevin, and a claimant cannot bar a party of his right to go to a jury on appeal by selecting this method of proceeding.

There may be an appeal from "summary" proceedings—e. g., under the Landlord and Tenants Act.

This Act of 1876 does not expressly repeal the general statutes respecting appeals. It only repeals the provision by which a sheriff might summon a jury to try a claim for property seized, and he could disregard the verdict and sell if properly indemnified. Now, if the present statute is substituted and all appeal is barred, it would take away the right to a jury trial where it has heretofore been used.

A right of appeal is always implied in cases heard by a Justice of the Peace. *Jones vs. Robbins,* 8 Gray 341; *Sullivan vs. Adams,* 3 Gray 476; *Kenny's Case,* 108 Mass. 496, and *Beers vs. Beers,* 4 Ct. 538, to the effect that a statute not allowing appeals from a magistrate would be clearly unconstitutional.

2. This statute need not be held unconstitutional by interpreting it that such judgments are final and conclusive, unless appealed from under the general provision for appeal. In *Glover's Case*, 3d Hawn. Reports 701, it was held that no appeal lay on the facts, because such had been the statute from a time prior to the Constitution, and because the licensee expressly waived such appeal by the terms of his license.

3. "Final judgments of State Courts are the only cases appealable to the Supreme Court of the United States." *United States vs. Bailey*, 9 Pet. 272.

*W. C. Jones*, the Police Justice, respondent, relied on the terms of section 10 and the authority of Glover's case, and made no argument.

PER CURIAM: In order to obtain a solution of the question, whether the judgment of a Police Justice upon the right of property seized by the Marshal in execution is subject to appeal to a higher Court or to a jury, I examine the entire Act of Interpleader and make the following observations:

Section 1st provides a procedure for a defendant in a personal action in a Court of Record, whereby he may bring to the knowledge of the Court or any Judge thereof the interest of any third party, who may then be required to become a party to proceedings in such action or on a feigned issue,—that is to say, this statute provides for what might be done by a bill of interpleader in equity.

Section 2 is, with an unimportant variation in phraseology, identical with Section 10, on which the Police Justice has declined to grant appeal. There is no doubt that Section 2 applies only to the proceeding of a Court of Record, as directed in Section 1.

The 3d and 4th sections apply likewise. The 5th section, premising that the Marshal and his officers are exposed to the hazard and expense of actions on claims made to goods and chattels in execution and otherwise, further enacts, relative to such claims against the Marshal or officers, what is found in sections 5, 6, 7, 8, 9 and 10. Section 5 speaks of executions

issued by the Courts of the Kingdom, says the Court or any Judge thereof may on application of such officer cite parties by rule, order or summons, and exercise for his protection and relief all or any of the powers and authorities before given— that is, compel a party to be plaintiff or defendant, proceed to trial on one or more feigned issues, or direct such issues to be tried, determine the merits of claims in a summary manner, and make such rules and orders as to costs and all other matters as may appear to be just and reasonable.

Section 6th provides that the Court or Judge may exercise these powers though the titles of the claimants have not a common origin but are adverse to or independent of one another.

Section 7 gives the Court or a Judge, when the claim is under a bill of sale, chattel mortgage or otherwise, power to order the sale of the whole or part on such terms as he may think fit as to the payment of the whole or part of the secured debt.

Section 8 refers to the rule or order "from a Court of Record" as the order previously spoken of, and empowers the Court or Judge, when the amount involved is small, at the request of either party to determine the same in a summary manner, with full authority as to terms, costs and other rules.

The 9th section provides that when it is a question of law only, the Judge may order a special case to be stated for the opinion of the Supreme Court, which shall proceed thereon as upon a submission.

Section 10 provides for the two courses before given, viz., first the trial on an action or issue ordered by the Court or Judge, and secondly the summary decision of the Court or Judge without such trial, that both shall be final. And section 11, referring to both the proceedings under the first four sections of the Act and those under sections 5 to 10, provides that all rules, orders, matters and decisions to be made in interpleader proceedings under this Act shall be entered of record in the Supreme Court.

Now the words "Court or Judge" of themselves import a Court of Record or a Judge thereof, but, when taken in connec-

17

tion with the express mention of a "Court of Record" in the 1st and 8th sections, the close inter-connection of all parts of the Act, and the absence of any expression to show that the jurisdiction is intended to be conferred on police or district magistrates, my inference is that this Act does not apply to those officers. It could only be supposed to do so, as being "Courts," but the word Court is used in this statute in a connection which is inconsistent with the Court of a District or Police Justice; for instance, in the 4th section when it is provided that if upon application to a judge in the first instance, or in any later stage, he shall think it more fit for the decision of the Court, it shall be lawful for him to refer the matter to the Court, and the Court shall then proceed as if the matter had originally commenced by a rule of Court instead of the order of a Judge. One may ask what meaning such a provision could have if "Judge" here meant a District or Police Justice, and what Court would be intended.

Chapter XV. of the Civil Code, "Of Island Courts not of Record," uniformly employs the term Police Justice or District Justice or the said Justice, and does not designate them, after the caption, as a Court or a Judge.

But besides the clear import of the terms, it is no less evident from the subject matter that this jurisdiction is not intended to be given to magistrates. The power to order in parties, to direct or to try feigned issues, to make such rules and orders and state special cases for the judgment of the Supreme Court, and generally to exercise the large discretionary, equitable and summary powers here conferred, is never given to Courts of inferior jurisdiction.

The language of sections 2 and 10 could not apply to District Justices without what might be termed an evasive construction, and the argument that there must be an appeal from a judgment which is enacted shall be summary, final and conclusive, or the statute be found unconstitutional, is an argument to show that the statute is not intended for such Justices.

Having found that the said Police Justice had no jurisdiction to proceed under the Statute of Interpleader, no mandamus will lie for an appeal.

*A. S. Hartwell,* for petitioner.

*Respondent* in person.

Honolulu, September 25th, 1879.