COMMONWEALTH vs. EDWARD REZENDES.

Suffolk.    October 2, 1967. — November 2, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

Waiver.  Practice, Criminal, Fugitive from justice;  Waiver of appellate
rights;  Exceptions: waiver.

A defendant in a criminal case who was a fugitive from justice at the time
of the argument before this court on his bill of exceptions waived his
appellate rights and was defaulted without consideration of his ex-
ceptions or of the argument made on his behalf.

INDICTMENT found and returned in the Superior Court
on January 9, 1959.

The case was heard by Goldberg, J.

Reuben Goodman (Ronald J. Chisholm with him) for the
defendant.

Murray P. Reiser, Assistant District Attorney (Roger M.
Carey, Legal Assistant to the District Attorney, with him),
for the Commonwealth.

WILKINS, C.J.    On April 15, 1965, the defendant was
found guilty by a judge in the Superior Court on an in-
dictment charging larceny of more than $100, and was
placed on probation.  Previously, on April 6, 1965, he had
filed a plea in bar and a motion to dismiss, both based on the
ground that he had not been given a speedy trial.  These
were denied, and a bill of exceptions was filed by his counsel.
At some time after April 15, 1965, the exact date not clear
from the record, the defendant left the Commonwealth.
His whereabouts, as stated by his counsel at the arguments
before us, are unknown.  Nevertheless it is sought to press
the exceptions.  This right cannot be permitted to a fugi-
tive from justice.  By his voluntary act, which renders him
unavailable to await the decision of the court, he has waived
appellate rights.  There is no occasion for us to consider his
exceptions or any arguments now made on his behalf.  This
is the necessary consequence of our cases, a result which we

fully approve. *Commonwealth* v. *Andrews,* 97 Mass. 543. *Commonwealth* v. *Dowdican's Bail,* 115 Mass. 133, 137. *Henderson* v. *Henderson,* 329 Mass. 257, 258. *Ellis* v. *Doherty,* 334 Mass. 466, 468. See *Smith* v. *United States,* 94 U. S. 97; *Allen* v. *Georgia,* 166 U. S. 138. See also 69 A. L. R. 2d 824, 848.

*Defendant defaulted.*
*Exceptions overruled.*