COMMONWEALTH *vs.* THOMAS E. FRANCIS.

Worcester. January 4, 1978. — April 5, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & ABRAMS, JJ.

*Practice, Criminal,* Appeal to Superior Court, Default, Jury trial. *Constitutional Law,* Trial by jury. *Waiver.*

A judge did not err in imposing a sentence on a defendant under G. L. c. 278, § 24, and denying the defendant's motion to revoke the sentence on the ground that he had not received notice to appear where the lack of receipt of notice was due to the defendant's own neglect in not informing the clerk of his change of address. [753-754]

Suggested procedures for avoiding the default of a defendant under G. L. c. 278, § 24, in circumstances where the defendant's change of address subsequent to an appeal from a conviction in a District Court may result in his failure to receive notice to appear in the Superior Court. [754]

General Laws c. 278, § 24, does not deprive a defendant of his constitutional right to trial by jury but merely imposes a reasonable limitation on the exercise of such right. [755-757]

A defendant who failed to appear in the Superior Court for trial of cases he had appealed as a result of his own neglect in not informing the clerk's office of his change of address was deemed to have waived his right to trial by jury. [757-759]

COMPLAINTS received and sworn to in the District Court of Fitchburg on March 8, 1976, and March 12, 1976.

On appeal to the Superior Court, sentences were imposed by *Meagher,* J., following default by the defendant.

The Supreme Judicial Court granted a request for direct appellate review.

*Thomas Hoffman* for the defendant.

*Daniel F. Toomey,* Assistant District Attorney, for the Commonwealth.

QUIRICO, J. This is the second of three cases decided to-day in which we are concerned with G. L. c. 278, § 24, which authorizes the entry of default and imposition of

sentence on a defendant, who, having entered an appeal from a conviction in a District Court, fails to appear for trial in the Superior Court. This case, however, presents a somewhat different factual and substantive posture from the first one, viz., that of *Commonwealth* v. *Bartlett, ante* 744 (1978).

On May 12, 1976, the defendant, Thomas E. Francis, was found guilty in the District Court of Fitchburg on four complaints charging breaking and entering a dwelling house in the daytime with intent to commit larceny therein, illegally attaching number plates to a motor vehicle, operating an unregistered motor vehicle, and operating an uninsured motor vehicle. He was sentenced to a term of one year in a house of correction on the breaking and entering charge, and ordered to pay fines on the motor vehicle violations. He claimed an appeal to the Superior Court in Worcester County for trial de novo on all the cases.

On June 2, the clerk of the Superior Court issued notice of a pre-trial conference which ordered the defendant to appear in court on June 16. The notice was mailed to the defendant at "41 Beech St. Fitchburg, Ma.," which was his address at the time of his arrest on the District Court complaints and his address as it appeared on the records of the clerk of the Superior Court. The notice was returned to the court by the postal service on June 10, unopened, and marked "not forwardable — undeliverable as addressed." On September 10, the clerk issued a summons, addressed to the defendant, describing him as of "41 Beech St., Fitchburg, Mass.," and directing him to appear in court for trial on September 22. On September 11, the summons was returned without service, and with the statement by a police officer noted thereon that there was "no such street address" and that the defendant's "last known address [was] Merriam Avenue, Leominster."

At the call of the list on September 22, the defendant did not appear, and was defaulted by a judge of the Superior Court who, acting pursuant to G.L. c. 278, § 24 (*a*), imposed the sentences that had been given in the District

Court, and (b) ordered the issuance of a capias for the defendant's arrest.

The defendant was arrested on the capias and appeared in the Superior Court on November 12, at which time counsel was appointed to represent him. On the same date, the defendant filed a motion to revoke sentence and an affidavit in support thereof, alleging that he had not received the notice to appear in the Superior Court on September 22, that such notice had been returned as undeliverable, and that he had moved from 41 Beech Street, Fitchburg, the address to which the notice had been mailed. At the hearing on the motion, evidence was introduced that notwithstanding the notation of the police officer on the summons to the effect that there was "no such street address" as 41 Beech Street, Fitchburg, there was indeed such an address and that the defendant was living there at the time of his arrest. Evidence was also introduced that prior to living at 41 Beech Street, Fitchburg, the defendant had lived at Merriam Street in Leominster, and that two weeks after his arrest he had moved from Beech Street to 126 Myrtle Avenue, Fitchburg.

The motion to revoke sentence was denied and the defendant excepted.[1] The cases are before us on the defendant's consolidated substitute bill of exceptions. They were entered in the Appeals Court and are now before this court as the result of our allowance of the defendant's application for direct appellate review. G. L. c. 211A, § 10. We overrule the exceptions in all the cases.

The defendant contends that (1) the judge's refusal to revoke the sentences was an abuse of discretion and a violation

---

[1] The defendant made two other motions at the time of the hearing — a motion that the cases be subject to G. L. c. 278, §§ 33A-33G, and a motion to stay execution of sentence pending appeal — which were also denied and exceptions taken. A single justice of the Appeals Court, however, granted the motion to stay sentence pending appeal. The denial of the motion that the cases be subject to G. L. c. 278, §§ 33A-33G, is not presently before us for decision on appeal.

of procedural due process because the defendant had never received the notice to appear in court on the date he was defaulted and that (2) G. L. c. 278, § 24, on its face and as here applied, acts as an unconstitutional deprivation of the right to trial by jury. We disagree on both issues for the reasons stated below.

1. We differentiate the circumstances of the present cases from those of *Commonwealth* v. *Bartlett, supra.* In *Bartlett*, the notice to appear had been mailed to the defendant at an incorrect address, and there was no evidence presented by the Commonwealth that the notice had been mailed to the defendant at her address as it appeared on the records of the clerk of the Superior Court. Thus, we held that the defendant could not be found in default under G. L. c. 278, § 24. *Commonwealth* v. *Bartlett, supra* at 748-749. Even though the statute created a "speedy mechanism" in the Superior Court for processing delinquent appeals from a District Court, it did not operate to relieve the Commonwealth of its burden to serve notice on appellants to appear. *Id.* at 747. See *Commonwealth* v. *Coughlin,* 372 Mass. 818, 821 (1977). In the present cases, the facts are inapposite. The clerk of the Superior Court gave notice to the defendant by mailing it to him at his address of record, 41 Beech Street, Fitchburg, as on file with the clerk's office, and an attempt was made to send the summons to the defendant at the same address. The defendant did not receive the notice or the summons because he had moved shortly after his arrest, and had failed to notify the clerk's office of his new address. Although, as noted in *Coughlin, supra* at 820-821, and *Bartlett, supra* at 747, citing K.B. Smith, Criminal Practice and Procedure § 749, at 356 (1970), an appellant's duty to "prosecute" his appeal under G. L. c. 278, § 24, may mean merely waiting until he hears from the clerk or district attorney regarding his appearance, we think that implicit in the statutory requirement is the duty of the appellant to supply the Commonwealth with the means by which he could be so notified. This obviously requires the appellant to inform the clerk's office of any

change in his address, and this the defendant did not do when he moved from his address of record, Beech Street, to Myrtle Avenue in Fitchburg.

The clerk's office did all it could reasonably have been expected to do to notify the defendant to appear for the trial of his appeal. The court was not precluded from proceeding on the defendant's case because, due to the court's lack of the defendant's current address, the notice was undelivered and the summons was unserved. The defendant's lack of receipt of notice was not due to any failure by the clerk to mail notice, but rather to the defendant's own neglect in not informing the clerk of his change of address.

On the record before us, we conclude that the judge did not abuse his discretion in defaulting the defendant on his appeal, in imposing sentence, and in denying the defendant's motion to revoke sentence, since the defendant's failure to appear in these circumstances constituted a "solid default" of appearance warranting the disposition of his appeal in accordance with G. L. c. 278, § 24. *Bartlett, supra* at 748. *Coughlin, supra* at 821. However, by reaching this conclusion, we do not hold that a judge would be without power to revoke such a sentence in the proper exercise of his discretion in different circumstances.

2. We suggest that the circumstances giving rise to the defaulting of defendants in cases such as this could be avoided in the future if the District and Superior Courts, as well as the district attorneys' offices, would adopt substantially the following procedures: (1) At the time a defendant takes an appeal from a conviction in the District Court, the clerk of that court should inform the defendant that, if he changes his address at any time before his appeal is tried in the Superior Court, he should so notify the clerk of the Superior Court and the district attorney's office of that county of his new address, and (2) when the clerk of the Superior Court or the district attorney's office sends notice to the defendant that his appealed case is being set down for trial, such notice should be sent both to the defendant and his counsel of record.

3. The defendant contends that G. L. c. 278, § 24, on its face and as applied here, deprives him of his constitutional right to trial by jury. We think this contention is without merit.

In *H.K. Webster Co.* v. *Mann,* 269 Mass. 381, 385 (1929), the defendant requested that an action brought against him in a District Court be removed to the Superior Court for trial by a jury. However, his request was denied because he failed to file the bond required for such a removal within the time prescribed by statute. The defendant argued that as a result of such denial his constitutional right to trial by jury was impaired. The court disagreed, stating: "It is familiar law that the right of trial by jury . . . may be regulated as to the mode in which the right shall be exercised so long as such regulation does not impair the substance of the right. . . . It is too plain for discussion that the regulation of the right to trial by jury by the statutes here involved is within the constitutional power of the General Court. No essential of the right to trial by jury is impaired in any degree. These statutes merely impose reasonable limitations for the exercise of such right." *Id.*

In *Fratantonio* v. *Atlantic Ref. Co.,* 297 Mass. 21, 22-25 (1937), this court upheld the constitutionality of G. L. c. 221, § 58, which provided that if a party neglected to appear before an auditor at the time appointed for hearing, the auditor could close the hearing and make a report recommending that judgment be entered for the adverse party. Judgment was thereafter to enter in accordance with the auditor's recommendation. The plaintiff contended that as a result of the application of the statute his constitutional right to trial by jury had been disregarded. We disagreed, holding that the statute constituted a valid regulation of the right to trial by jury, and, in doing so, cited the rule enunciated in *Webster, supra,* and in *Bothwell* v. *Boston Elevated Ry.,* 215 Mass. 467 (1913), "that the Legislature may regulate the mode in which the right [trial by jury] shall be exercised . . . [if] such regulation does not impair the substance of the right." *Fratantonio, supra* at 23, quoting from

*Bothwell, supra* at 472. In noting the wide application of this rule we said in *Fratantonio*, at 23-24: "This rule has been applied to statutes requiring as a condition precedent to the trial an affidavit of defense, *Hunt* v. *Lucas*, 99 Mass. 404 [1868]; the filing of a claim for a trial by jury in order to prevent waiver of the right, *Foster* v. *Morse*, 132 Mass. 354 [1882]; appeal from decision of tribunal without a jury, *Kenney's case*, 108 Mass. 492 [1871]; the giving of bail and security for costs on appeal from trial before a magistrate, *Jones* v. *Robbins*, 8 Gray, 329, 341 [1857]; *Hapgood* v. *Doherty*, 8 Gray, 373 [1857]; and to statutes changing the rule as to challenges of jurors, *Commonwealth* v. *Dorsey*, 103 Mass. 412 [1869]; the qualifications of jurors, *Commonwealth* v. *Wong Chung*, 186 Mass. 231 [1904]; *Commonwealth* v. *Worcester*, 3 Pick. 462 [1826], and the weight to be given to evidence, *Holmes* v. *Hunt*, 122 Mass. 505, 516 [1877]; and restricting the right of the trial judge to set aside a verdict to cases where motion therefor is made and to reasons stated, *Peirson* v. *Boston Elevated Railway*, 191 Mass. 223, 229 [1906], *Loveland* v. *Rand*, 200 Mass. 142 [1908], *James* v. *Boston Elevated Railway*, 213 Mass. 424 [1913]. See *Commonwealth* v. *Barry*, 9 Allen, 276 [1864].' See, also, *Commonwealth* v. *Whitney*, 108 Mass. 5 [1871]."

In *DeGolyer* v. *Commonwealth*, 314 Mass. 626 (1943), this court held that G. L. c. 263, § 4A, which permits a defendant charged with a felony to waive indictment and thereby agree that the district attorney may proceed against him by way of complaint "as if an indictment had been found," did not violate the defendant's rights under art. 12 of the Declaration of Rights not to be tried and punished for a felony without indictment by a grand jury. The court held that the right to indictment, *as the right to trial by jury*, could be waived. "Again and again . . . this court has treated the right [to trial by jury] as a privilege sacredly regarded by the Commonwealth and preserved to the individual against assault by the State; but a privilege which he could waive, *and, in certain circumstances, would be treated as waiving* . . ." (emphasis added). *Id*. at 630,

quoting from *Commonwealth* v. *Rowe*, 257 Mass. 172, 176 (1926).

In *Commonwealth* v. *Bellino*, 320 Mass. 635, cert. denied, 330 U.S. 832 (1947), we upheld the constitutionality of G. L. c. 234, § 26B, authorizing the empanelling of a jury of not more than fourteen members in certain protracted civil or criminal trials.[2] We held that the statute did "no more than amend the mechanics of trial in a manner in no way harmful to the accused," and, as such, constituted "a reasonable provision in the public interest." *Id.* at 642. In *Opinion of the Justices*, 360 Mass. 877 (1971), the majority of the Justices were of the opinion that in criminal cases subject to the trial jurisdiction of the District Courts, the right of defendants to trial by jury under art. 12 of the Declaration of Rights of the Massachusetts Constitution could be satisfied by a trial before a jury of six rather than a jury of twelve. In reaching that opinion, the Justices relied, in part, on those cases wherein statutes affecting the operation of the jury system had been held valid as not interfering with the fundamental right to trial by jury. *Id.* at 882-885. See *Commonwealth* v. *Bellino, supra* at 638-640, *Bothwell* v. *Boston Elevated Ry., supra* at 473, *Commonwealth* v. *Dorsey, supra* at 418, and *Jones* v. *Robbins, supra* at 343-344. See also *Commonwealth* v. *Dailey*, 12 Cush. 80, 81 (1853).

An analogy may also be drawn from certain other decisions by this court wherein we have employed waiver principles to constitutional or procedural rights. In *Commonwealth* v. *Rezendes*, 353 Mass. 228 (1967), we held that a defendant who escapes from custody while his appeal is pending waives his appellate rights. "By his voluntary act, which renders him unavailable to await the decision of the court, he has waived appellate rights." *Id.* In *Commonwealth* v. *Flemmi*, 360 Mass. 693, 694 (1971), we held that where "a defendant, who is not in custody, voluntarily ab-

---

[2] This statute has since been amended to permit the empanelling of a jury of not more than sixteen members. St. 1965, c. 355, § 1, and St. 1967, c. 285.

sents himself from the trial after it has begun in his presence," he voluntarily waives his right to be present at trial, and the trial can proceed in his absence. In *Whitmarsh* v. *Commonwealth,* 366 Mass. 212 (1974), the defendant, having taken an appeal from a District Court to the Superior Court for trial de novo, claimed an interlocutory appeal to this court without securing a stay of the proceedings in the Superior Court. "Under the terms of G. L. c. 278, § 18 [the defendant], on taking his appeal to the Superior Court . . . was released on personal recognizance 'with condition to appear at the superior court on said return day [of the appeal] and at any subsequent time to which the case may be continued . . . and so from time to time until the final sentence, order or decree.'" *Id.* at 217. Because the defendant violated that obligation by failing to appear in the Superior Court for trial when required to do so, we held, citing the waiver language of *Rezendes, supra,* that he was not entitled to the review he sought here on the interlocutory questions. *Id.*

Moreover, in *Ludwig* v. *Massachusetts,* 427 U.S. 618 (1976), it was held that the Commonwealth's two-tier court system, whereby a defendant charged in a criminal complaint is first required to be tried in a District Court where no trial by jury is available, and is thereafter entitled to trial de novo by jury in the Superior Court, does not deprive an accused of his constitutional right to trial by jury. The Court in *Ludwig,* having described early in its opinion the procedural structure of the Commonwealth's two-tier system, including the provisions of G. L. c. 278, § 24, *id.* at 620-622, stated: "The modes of exercising federal constitutional rights have traditionally been left, within limits, to state specification. In this case, Massachusetts absolutely guarantees trial by jury to persons accused of serious crimes, and the manner it has specified for exercising this right is fair and not unduly burdensome." *Id.* at 630. We think such "manner," approved by the *Ludwig* majority, implicitly includes the proscriptions of G. L. c. 278, § 24.

Thus, applying the reasoning of *Ludwig,* as well as of the many other cases cited above to the present cases, we hold that G. L. c. 278, § 24, provides "regulations which are reasonable and necessary as to the mode in which [a defendant] may . . . prosecute his appeal" for trial de novo by jury, *Commonwealth* v. *Whitney,* 108 Mass. 5, 6-7 (1871), and to the efficient operation of the court system. If a defendant "neglects so to . . . prosecute his appeal, he *waives* his right of a trial by jury" (emphasis added). *Id.* at 7. See *Commonwealth* v. *Drohan,* 210 Mass. 445, 446-447 (1912). Here, by virtue of his failure to appear in the Superior Court when required to do so for the trial of the cases which he had appealed and which failure was due to his own neglect in not informing the clerk's office of his change of address, the defendant is deemed to have waived his constitutional right to trial by jury.

*Exceptions overruled.*