A JUVENILE *vs.* COMMONWEALTH (No. 3). September 16, 1980. This is an appeal from the dismissal by a single justice of this court of a complaint filed by the juvenile seeking relief pursuant to G. L. c. 211, § 3. In the complaint the juvenile alleged that he was denied his constitutional right to reasonable cross-examination of the Commonwealth's only witness. The complaint also claimed that it was necessary for the court to exercise its supervisory powers to correct the error because there was no other remedy expressly provided by law.

The single justice allowed the juvenile's request for appointment of counsel, and then dismissed the complaint without a hearing. The juvenile appealed. At oral argument counsel for the juvenile conceded that there is an available remedy to correct the allegedly erroneous ruling, and hence there was no error in the dismissal of the complaint. See *Lydon* v. *Commonwealth, ante* 356, 367 (1980); Rule 13 (c) (2) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 878 (1979).

At oral argument we were also informed that the juvenile had been defaulted for failing to appear at the Juvenile Court as required. Since the juvenile no longer disputes the correctness of the ruling by the single justice, there is no occasion for us to consider whether the juvenile has

waived his appellate rights.  See *Commonwealth* v. *Rezendes,* 353 Mass. 228 (1967).

The order of the single justice is affirmed.

*So ordered.*

*Lessing A. Kahn* for the plaintiff.

*Kevin Connelly,* Special Assistant District Attorney, for the Commonwealth.