COMMONWEALTH vs. KENNETH R. BURR, JR.
(and two companion cases[1]).

No. 91-P-1490.

Plymouth. September 21, 1992. - December 2, 1992.

Present: DREBEN, SMITH, & PORADA, JJ.

*Controlled Substances. Practice, Criminal,* Severance, Verdict, Lesser included offense.

A judge did not abuse his discretion in denying a criminal defendant's motion for severance of his trial from that of his two codefendants. [638-639]

The judge at a criminal trial, purporting to act under Mass.R.Crim.P. 25(b) (2), did not have a valid basis for setting aside the jury's verdicts of guilty as to the three defendants and entering for each defendant a finding of guilty of a lesser included offense, where the judge's action was based on his assessment of the defendants' personal characteristics, and not on any conclusion by him that the evidence was more consistent with a finding of a lesser degree of guilt. [639-643]

INDICTMENTS found and returned in the Superior Court Department on January 8, 1990.

The cases were tried before *Charles J. Hely,* J.

*Stephen H. Merlin* for Kenneth R. Burr, Jr.

*Richard J. Shea* for Peter L. Garcia.

*John P. Corbett,* Assistant District Attorney, for the Commonwealth.

*Henry E. Quarles, Jr.,* for Gina M. Wright, submitted a brief.

DREBEN, J. After a jury found the defendants guilty on indictments charging each of them with a single count of trafficking in cocaine with a net weight of 100 grams or more, but less than 200 grams, the trial judge determined, on mo-

---

[1]Commonwealth vs. Peter L. Garcia and Commonwealth vs. Gina M. Wright.

tions of the defendants under Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979),[2] that the verdicts should be reduced. He entered for each defendant a finding of guilty of the lesser included offense of possession with intent to distribute and imposed sentences shorter than the ten years mandated by G. L. c. 94C, § 32E, for conviction of the offense found by the jury.

Although three defendants filed notices of appeal, Garcia and Wright dropped their appeals, and only Burr's remains. He claims that the judge erred in not severing the cases against the defendants. The Commonwealth filed cross appeals in each case questioning the authority of the trial judge under rule 25(b)(2) to reduce the verdicts where there was no dispute at trial as to the weight of the drugs. We hold that there was no abuse of discretion in the judge's denial of the motion for severance, but that the judge erred in reducing the jury verdicts.

1. Burr's claim that he was entitled to severance is not supported by the record for numerous reasons. First, the claim of severance was raised by motion of Wright and joined in by Garcia, and there is no indication in the record that Burr, too, sought this relief. Second, no affidavit as required by Mass.R.Crim.P. 9(d)(2), 378 Mass. 860 (1979), supported the motion. See *Commonwealth v. Williams*, 399 Mass. 60, 65 (1987).

Even if Burr had raised the issue and had complied with rule 9(d)(2), severance was not required. Severance is a matter within the sound discretion of the trial judge, and the denial of a motion to sever "does not require reversal unless the request is made at a time when the necessity for severance has been firmly established." *Commonwealth v. Moran*, 387 Mass. 644, 658, 659 (1982). Wright claimed, relying on the *Moran* case, that Burr's intention to proceed on an entrap-

---

[2] The second sentence of that rule provides: "If a verdict of guilty is returned, the judge may on motion set aside the verdict and order a new trial, or order the entry of a finding of not guilty, or order the entry of a finding of guilty of any offense included in the offense charged in the indictment or complaint."

ment defense was mutually exclusive and irreconcilable with her defense that no drug transaction had taken place. The irreconcilability of the two defenses is, however, not self-evident. Burr could have been involved in the alleged sale without Wright. Moreover, even if the two defenses were inconsistent and antagonistic, this is not enough. "[T]here is no compelling prejudice and therefore no requirement of severance where the jury were warranted in finding [Burr] guilty of [trafficking] on the basis of eyewitness testimony" of persons other than the defendants.[3] *Commonwealth* v. *Cordeiro*, 401 Mass. 843, 853 (1988). See also *Commonwealth* v. *Sinnott*, 399 Mass. 863, 874-875 (1987); *Commonwealth* v. *Mahoney*, 406 Mass. 843, 848-849 (1990); Smith, Criminal Practice and Procedure § 1053 (2d ed. 1983 & Supp. 1992). The judge did not abuse his discretion in denying the severance motion.

2. In granting the motions under rule 25(b)(2) — immediately after trial, as to Wright and Garcia, and, as to Burr, after the latter's apprehension in Florida, see note 3, *supra* — the judge made written findings and rulings. His memorandum relating to Garcia and Wright was incorporated in his subsequent order concerning Burr.[4]

He found that on November 9, 1989, Garcia, Wright, and Burr sold 107 grams of cocaine to Anthony Thomas, an undercover Massachusetts State police trooper. Burr had served as broker and had arranged a meeting between Trooper Thomas and Burr's supplier for a four-ounce[5] sale. Garcia, Wright, and another man arrived at the meeting by car. After Garcia had ascertained that Thomas had the money, Garcia, Wright, and the other person drove off, apparently to procure the cocaine. On their return, Garcia, nervous and

---

[3]Burr fled after the second day of trial and did not give evidence on the entrapment issue. Since it was not apparent at the time of Wright's motion before trial that there was compelling prejudice requiring severance, Burr's flight raises the question of waiver. See *Commonwealth* v. *Francis*, 374 Mass. 750, 757 (1978).

[4]Unless otherwise indicated, the references to the judge's findings and reasons are to his first memorandum.

[5]Testimony at trial indicated that four ounces is more than 100 grams.

sweating, entered Thomas's car, pulled out the cocaine, and took Thomas's money. On Thomas's signal, several officers immediately moved in and arrested Burr, Garcia, Wright, and the other man.

Before giving his reasons for reducing the verdicts, the judge noted that the mandatory sentence of ten years is the equivalent of a thirty-year sentence under the regular parole eligibility statute. He then turned to the relevant factors. Citing *Commonwealth* v. *Gaulden*, 383 Mass. 543, 555 (1981), he recognized that a trial judge, acting under rule 25(b).(2), should be guided by the same considerations as have guided the Supreme Judicial Court in the exercise of its powers and duties under G. L. c. 278, § 33E,[6] and that the power under rule 25(b)(2) should be used "sparingly." *Commonwealth* v. *Keough*, 385 Mass. 314, 321 (1982). The power "has not been limited to cases in which the evidence did not warrant the conviction but has included cases in which [the Supreme Judicial Court] concluded that justice required the entry of a verdict of a lesser degree of guilt." *Commonwealth* v. *Gaulden*, 383 Mass. at 553-554.

"Among the many factors that may be weighed under the Section 33E considerations," the trial judge ruled, "are the defendant's behavior in the course of the offenses, the extent of the defendant's criminal record and relevant personal characteristics of the defendant." The judge purported to apply these factors. He discussed the personal characteristics of the defendants Garcia and Wright pointing to their ages, occupations, family situation, and minimal criminal records.[7]

---

[6]The relevant portion of G. L. c. 278, § 33E, as appearing in St. 1979, c. 346, § 2, provides:

"In a capital case as hereinafter defined the entry in the supreme judicial court shall transfer to that court the whole case for its consideration of the law and the evidence. Upon such consideration the court may, if satisfied that the verdict was against the law or the weight of the evidence, or because of newly discovered evidence, or for any other reason that justice may require (*a*) order a new trial or (*b*) direct the entry of a verdict of a lesser degree of guilt, and remand the case to the superior court for the imposition of sentence. . . ."

[7]Prior charges against them had been continued without findings and subsequently dismissed.

In his later ruling on Burr, he noted that Burr had "some serious prior convictions but he has never before been sentenced to state prison."

The judge's discussion of the defendants' behavior in the course of the offenses consisted merely of the recital of facts which we recounted earlier. There was no suggestion that the convictions of the greater offense were against the weight of the evidence or that there was even a proper basis in the evidence for charging on the lesser included offense, possession with intent to distribute. See *Commonwealth* v. *Tata*, 28 Mass. App. Ct. 23, 26 (1989).[8]

A factor of apparent significance to the judge was the fact that the jury had become aware of the ten-year mandatory sentence during trial, and had asked in the course of their deliberations: "Can a defendant be found guilty of [a] lesser charge, even if there is no dispute about [the] weight of cocaine?" He viewed his response as requiring the jury "to find the defendants guilty on the greater offense unless they had a reasonable doubt about one of the elements of the greater offense."

After this discussion, the judge concluded the Garcia and Wright memorandum as follows:

"I have considered the conduct of the defendants, all of the evidence in the case, the ages and family situation of the defendants, their relatively insignificant criminal records, and all of the circumstances of the trial including the jury question on the lesser offense. I have also considered the destructive effects of cocaine sales on the community.

"As a matter of judgment and discretion, I conclude that justice will be more nearly achieved by a reduction of the verdicts to findings of guilty of the lesser included

---

[8] At the defendant's request, the judge had instructed the jury on the lesser included offense of distribution or possession with intent to distribute cocaine, explaining that the difference between the greater and the lesser offense was that for the lesser, the Commonwealth did not have to prove "any particular amount or weight."

offense of distribution or possession with intent to distribute cocaine and state prison sentences of six to ten years for Garcia and three to six years for Wright."

In the Burr memorandum, the judge added that Burr:

"deserves a substantial state prison sentence for his participation in the distribution of cocaine in this case. . . . Nevertheless, Mr. Burr has the potential of leading a productive life after serving a substantial sentence appropriate for the crime in this case. I am unwilling to throw away ten full years of potentially useful life if such a lengthy sentence is not necessary or appropriate under fair sentencing standards."

He then sentenced Burr to nine to ten years at MCI-Cedar Junction.

A review of the cases cited by the judge, as well as those cited by the defendants, does not support the reduction of the verdicts. Although the Supreme Judicial Court has taken into consideration the personal qualities of the defendant and other appropriate sentencing factors in exercising its powers under § 33E, or in reviewing a trial judge's action under rule 25(b)(2), in all the cases cited the court has given weight to those factors only where a review of the evidence or an error of law warranted a reduction of the verdict. Thus, in *Gaulden*, 383 Mass. at 557, the trial judge had concluded that a verdict of manslaughter, rather than second degree murder, comported more closely with the weight of the evidence. Again in *Commonwealth* v. *Vanderpool*, 367 Mass. 743, 749-751 (1975), only after concluding that "on the weight of the evidence" it was more consonant with justice to reduce the verdict to murder in the second degree, did the court mention the appealing personal characteristics of the defendant (twenty-two years old, married with two small children, and suffering from disabling injuries as a result of his service in the Vietnam War; also, no evidence was introduced of any prior criminality). Similarly, in *Commonwealth* v. *Jones*, 366 Mass. 805, 809 (1975), *Commonwealth* v. *Seit*,

373 Mass. 83, 94-95 (1977), and *Commonwealth* v. *Tavares*, 385 Mass. 140, 158-159, cert. denied, 457 U.S. 1137 (1982), cases in which the defendant's character was considered, the court was in each instance persuaded that the *evidence* was more consistent with a lesser degree of guilt. See also *Commonwealth* v. *Zitano*, 23 Mass. App. Ct. 403, 409 (1987). Indeed, the Supreme Judicial Court has indicated that the personal characteristics of a defendant are insufficient in themselves "to warrant ignoring the Commonwealth's ample evidence or disturbing the jury's verdict." *Commonwealth* v. *Almon*, 387 Mass. 599, 608 (1982). *Commonwealth* v. *Haywood*, 377 Mass. 755, 771 (1979).

In *Commonwealth* v. *McDermott*, 393 Mass. 451, 460-461 (1984), where the court also gave weight to the defendant's character, the most important reason for reducing the verdict was an error in the jury instruction.[9] *Commonwealth* v. *Troy*, 405 Mass. 253, 263 (1989), confirms that that error was the "most important reason" for the § 33E exercise.

Since the judge's findings coincided with the jury's verdict of sale of cocaine in excess of 100 grams, there was no evidentiary support for his entry of a verdict of guilty of a lesser included offense. While the personal characteristics of the defendants would permit a reduction in *sentence*, absent a contrary legislative mandate, these factors alone do not permit a reduction of verdict under rule 25(b)(2). This is particularly true where, as here, there is a contrary legislative mandate in G. L. c. 94C, § 32E, which "makes clear that the volume of the material being sold is relevant to the determination of the level of drug trafficking" engaged in by the defendants and to the penalty. *Commonwealth* v. *Sabetti*, 411 Mass. 770, 781 (1992).[10]

---

[9]The judge's error in *McDermott* did not detract from the validity of the instruction as to the lesser included offense.

[10]In *Sabetti*, *supra* at 780-781, the trial judge entered, under rule 25(b)(2), a finding of guilty of the lesser included offense of possession of cocaine with intent to distribute because he was not entirely certain whether the Commonwealth had to establish that the defendant knew that he possessed over twenty-eight grams of cocaine, and the Commonwealth had not established that fact. The Supreme Judicial Court held that, since

Commonwealth *v.* Burr.

Since there was no valid basis for the judge's reduction of the verdicts, the conviction of each defendant of trafficking in cocaine is reinstated and the cases are remanded to the Superior Court for sentencing.

*So ordered.*

knowledge of the specific amount of drugs was not required, the judge erred in reducing the jury verdict of guilty of trafficking.