Neel, J.
This is a Petition for a Writ of Habeas Corpus. The petition was drafted and submitted by Leonard Fruchtman, petitioner’s purported next friend, on behalf of Gina Wright (“Wright”). Wright contends that the Department of Correction is required to reduce her sentence by the number of days she spent on parole. The petitioner is now serving a sentence that by statute requires a mandatory minimum term of five (5) years. Granting credit for parole would defeat the mandatory minimum prison term established by the legislature, and would therefore be improper. For the reasons set forth below, the petition for a writ of habeas corpus is denied.
BACKGROUND
Gina Wright is currently confined to the Massachusetts Correctional Institution at Framingham. On February 27, 1991, she was convicted by ajury of trafficking in cocaine, in violation of Mass. Gen. L., ch. 94C, §32E (1992 ed.) (100 grams). The statute provides amandatory prison term of not less than ten (10) years.
The following day, February 28, 1991, the trial judge set aside the jury verdict and sentenced Wright on “so much of the crime that charges” distribution of cocaine, or possession with intent to distribute cocaine, in violation of Mass. Gen. L., ch. 94C, §32A (1992 ed.). The statute does not provide for a mandatory prison term unless the defendant was previously convicted of the same offense.
The Commonwealth appealed the decision of the trial judge to reduce Wright’s verdict, on the ground that the jury was presented with the option of convicting the defendant on the lesser charge. The Appeals Court held that the reduction was error, and remanded to the Superior Court for resentencing on the original conviction. Commonwealth v. Burr, 33 Mass.App.Ct. 637 (1992), cert. denied, 414 Mass. 637 (1993).
Meanwhile, Wright had been paroled on February 27, 1992 on the distribution charge. She spent a total of four hundred sixty three (463) days on parole.
When Wright’s case was set for resentencing, on June 4, 1993, she pled guilty to trafficking in a controlled substance (cocaine), Mass. Gen. L., ch. 94C, §32E(b) (1992 ed.) (28 to 99 grams). The statute provides a mandatory prison term of not less than five (5) years. The Court accepted her plea and, with the Commonwealth’s agreement, sentenced her to not more than five years and one day, and not less than five years, in state prison.
Wright filed this Petition for Writ of Habeas Corpus on September 30, 1993.
DISCUSSION
The sole issue in this case is whether Wright is entitled to have her current sentence reduced by four hundred sixty three (463) days spent on parole.
A petition for habeas corpus is the appropriate procedure for determining whether an inmate is entitled to immediate release. Mass. Gen. L., ch. 248, §1 (1992 ed.). The petitioner bears the burden of making clear the legal basis for his liberty. In re Baker, 310 Mass. 724 (1942), cert. denied, 316 U.S. 699 (1942). A court may not issue a writ of habeas corpus where a prisoner does not show an entitlement to immediate release. Pina v. Superintendent Massachusetts Correctional Institution, Walpole, 376 Mass. 659, 664-65 (1978).
Wright’s current sentence provides for a mandatory prison term of five (5) years, or 1,825 days. She was credited 750 days designated as statutory good time and also 65 days of earned good time, pursuant to Mass. Gen. L., ch. 127, §129D (1992 ed.), for a total of 813 days. Petitioner no longer disputes the good-time calculations, and has offered no support for the claim that she has not been credited with 112 days for time served between June 9 to September 30, 1993. Even if Wright were to be credited with the 463 days spent on parole, she would still not be entitled to immediate release.[1] Therefore, a Writ of Habeas Corpus is inappropriate since Wright has not shown an entitlement to immediate release.
The defendants have moved to dismiss on the ground that petitioner fails to state a claim upon which relief can be granted regarding the parole credit issue. This Court accepts and adopts the reasoning in Garcia v. DuBois, Suffolk Sup. Ct., C.A. No. 93-5245 (1993) (Botsford, J.) (copy appended to respondents’ brief), and allows respondents’ motion. ”[I]t is clear that the offense . . . does not allow parole until the mandatory minimum period of five years incarceration has been served.” Id. at 5.
Furthermore, the several constitutional issues raised by Wright (Due Process, Equal Protection, and Ex Post Facto) in support of her claim for parole credit, are not adequately supported and are without merit.
ORDER
Based on the foregoing, it is hereby ORDERED that the petitioner’s Writ of Habeas Corpus is DENIED, and the respondents’ Motion to Dismiss is ALLOWED as to the claim for parole credit.

 815 (days credited on the DFS sheet) + 463 (days spent on parole) + 293 (days of confinement since after Wright’s resentencing; June 9, 1993 to March 25, 1994) = 1,571 days.