COMMONWEALTH *vs.* PETER DROHAN.

Suffolk.    November 20, 1911. — January 2, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

</div>

*Practice, Criminal,* Default, Motion to quash, Bill of particulars, Arrest of judgment, Stay of execution, Complaint. *Attempt to commit Larceny. Larceny. Statute,* Repeal. *Police, District and Municipal Courts.*

A motion to remove a default in a criminal case pending in the Superior Court on appeal from a police, district or municipal court is addressed to the discretion of the presiding judge, and a denial of the motion will not be reviewed on appeal to this court.

By suffering a default, a defendant in a criminal case pending in the Superior Court on appeal from a police, district or municipal court waives the benefit of motions, previously filed by him, for particulars and to quash the complaint.

Where a complaint was filed in a police, district or municipal court and, from a sentence there imposed, the defendant has appealed to the Superior Court, it is too late after the case has been entered in the Superior Court to file a motion to quash the complaint for insufficiency in matter of form.

Where a complaint was filed in a police, district or municipal court and, from a sentence there imposed, the defendant has appealed to the Superior Court and has filed therein motions to quash the complaint and for particulars, and upon the calling of the case for trial has defaulted, a motion thereafter filed by him for an arrest of judgment should be denied in accordance with the provisions of R. L. c. 219, § 38, that "no motion in arrest of judgment shall be allowed for a cause existing before verdict, unless it affects the jurisdiction of the court."

Under R. L. c. 8, § 4, cl. 2, providing that "The repeal of an act shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, prosecution or proceeding pending at the time of the repeal for an offense committed, or for the recovery of a penalty or forfeiture incurred under the act repealed," if at the time of the commission of a certain crime and of the commencement of proceedings in a police, district or municipal court for the punishment thereof, such court has jurisdiction thereof, and before sentence is imposed a statute is passed repealing the statute granting such jurisdiction, a valid sentence nevertheless may be imposed in the proceedings originally begun.

Under R. L. c. 220, § 3, the determination of the question, whether or not the execution of a sentence imposed by the Superior Court upon one convicted of a

crime not punishable by death shall be stayed after an appeal, is discretionary with that court.

Under the provisions of St. 1909, c. 442, giving to police, district and municipal courts jurisdiction of the crime of larceny if the property alleged to have been stolen " is not alleged to exceed the value of three hundred dollars " and empowering them to " impose the same penalties as the Superior Court in like cases, except imprisonment in the State prison," which provisions apply to all larcenies whether simple or aggravated, a complaint in such a court alleging such an offense is not open to the objection that it charges a felony for which there can be conviction only upon an indictment by a grand jury, since the offense charged is not punishable by imprisonment in the State prison.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on January 2, 1911, charging the defendant and another with the crime of attempting to commit larceny from the person of an unknown man. The defendant pleaded not guilty, was tried in the municipal court on January 2, 1911, convicted and sentenced. He appealed to the Superior Court, and the complaint was entered in that court on February 6. A motion to quash the complaint and a motion for a bill of particulars were filed by him on February 8. He was called to come into court and prosecute his appeal on September 5, and did not appear but made default. On October 25, 1911, the defendant was brought into court and filed a motion to remove the default, which motion was overruled. He then filed a motion in arrest of judgment, which motion was denied. He was thereupon sentenced to the house of correction and filed a motion to stay the execution of sentence, and this motion was denied.*

*P. H. Kelley,* for the defendant.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth, submitted a brief.

DeCOURCY, J. [After stating the foregoing facts.] This case comes here upon an appeal from the judgment of the Superior Court, overruling the motion to remove the default, denying the motion in arrest of judgment, and the request for a stay of sentence; and also from the final judgment.

1. The motion to remove the default was addressed to the discretion of the court. *Commonwealth* v. *Quirk,* 155 Mass. 296. The defendant had a full trial upon the facts in the municipal court and appealed to the Superior Court. He defaulted when his case was duly called for trial and thereby, in effect, admitted

---

* These motions all were denied by *Sanderson, J.*

every material allegation in the complaint. The case was then ripe for sentence, notwithstanding the pendency of the motion to quash and the motion for particulars, which were not called to the attention of the court. If the defendant desired to be heard upon these questions it was his duty to present them to the court when the case was called for trial. By suffering a default he waived the benefit of the motions. R. L. c. 219, § 27. *Commonwealth* v. *Whitney*, 108 Mass. 5. *Dalton-Ingersoll Co.* v. *Fiske*, 175 Mass. 15. *McIntyre* v. *People*, 38 Ill. 514, 521. We may add that it was too late to file a motion to quash for insufficiency of form after the case reached the Superior Court. *Commonwealth* v. *Reid*, 175 Mass. 325. And as the complaint sets out the charge "fully, plainly, substantially, and formally," the motion for particulars is without substantial merit.

2. The motion in arrest of judgment was rightly overruled. "No motion in arrest of judgment shall be allowed for a cause existing before verdict, unless it affects the jurisdiction of the court." R. L. c. 219, § 38. *Commonwealth* v. *Chiovaro*, 129 Mass. 489. This section has been construed to apply where the facts are settled by a default, *Commonwealth* v. *Swain*, 160 Mass. 354, and disposes of at least the first part of the motion, based upon the pendency of motions filed before the defendant was defaulted. The remaining question raised is whether the right to sentence the defendant was lost by the repeal of R. L. c. 208, § 30, which prescribed the punishment for larceny of property not exceeding $5 in value. This statute was in force when the crime was alleged to have been committed, but was repealed before the defendant was sentenced in the Superior Court. Even if it were true that R. L. c. 215, § 6, cl. 4, restricted the court to a sentence for an attempt to commit this minimum larceny, the obvious answer to the defendant's contention is, that by the express provisions of R. L. c. 8, § 4, cl. 2,* the repeal of the stat-

---

* Section 4 of R. L. c. 8, states various rules to be observed in construing statutes "unless their observance would involve a construction inconsistent with the manifest intent of the general court, or repugnant to the context of the same statute." Clause 2, referred to in the opinion, reads: "The repeal of an act shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, prosecution or proceeding pending at the time of the repeal for an offense committed, or for the recovery of a penalty or forfeiture incurred under the act repealed."

ute did not affect this prosecution, which was then pending. No saving clause in the repealing statute was necessary because under this long established rule of construction the repeal of the act did not affect any punishment incurred before the repeal took effect, or any prosecution pending at the time of the repeal, for an offense committed under the act repealed. R. L. c. 8, § 4, cl. 2.

3. The refusal of the court to stay the execution of the sentence was discretionary. R. L. c. 220, § 3.

The foregoing disposes of all questions raised upon the record, unless the appeal from the final judgment be considered as a basis for the defendant's argument that the municipal court had no jurisdiction of the offense. Under St. 1909, c. 442, the municipal court has jurisdiction of the crime of larceny if the property alleged to have been stolen "is not alleged to exceed the value of three hundred dollars." The statute includes all larcenies, whether simple or aggravated, and applies to larcenies from the person. *Lewis* v. *Robbins*, 13 Allen, 552. This jurisdiction is accompanied by a restriction on the authority of the court which prevents it from imposing the penalty of imprisonment in the State prison. Thereby the objection that the offense charged in the complaint is a felony, for which the defendant could be convicted only upon an indictment of a grand jury, is obviated. *Commonwealth* v. *Gately*, 203 Mass. 598.

As to the further objections based on the absence of an allegation of value in the complaint it is sufficient to say that it is unnecessary to allege value in an indictment for an attempt to commit a larceny from the person, and no such allegation is contained in the form provided as a sufficient one in our statute. *Commonwealth* v. *McDonald*, 5 Cush. 365. R. L. c. 218, § 67. The orders appealed from and the judgment must be affirmed.

*So ordered.*