COMMONWEALTH *vs.* DAVID A. O'CLAIR.

Worcester. January 4, 1978. — April 5, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & ABRAMS, JJ.

*Practice, Criminal,* Appeal to Superior Court, Default.

For the reasons stated in *Commonwealth* v. *Francis, ante* 750 (1978), there was no error in imposing sentences under G. L. c. 278, § 24, on a defendant who failed to appear for his Superior Court trial where the defendant moved several times in the interval between his District Court trial and the date set in the Superior Court and the clerk's office had mailed notices to appear and summonses to at least three different addresses at various times. [763-764]

For the reasons stated in *Commonwealth* v. *Francis, ante* 750 (1978), the imposition of sentences pursuant to G. L. c. 278, § 24, on a defendant who failed to appear for his Superior Court trial did not deprive him of his constitutional right to trial by jury. [764]

COMPLAINTS received and sworn to in the Central District Court of Worcester on June 7, 1976, July 26, 1976, and July 28, 1976.

On appeal to the Superior Court, sentences were imposed by *Meagher*, J., following default by the defendant.

The Supreme Judicial Court granted a request for direct appellate review.

*Thomas Hoffman* for the defendant.

*Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.

QUIRICO, J. This is the last of three cases decided today involving G. L. c. 278, § 24, which authorizes the entry of default and imposition of sentence on a defendant who, having entered an appeal from a conviction in a District Court, fails to appear for trial in the Superior Court. The factual background of this case, however, is substantially more complex than that of the other two cases, viz., *Commonwealth* v. *Bartlett, ante* 744 (1978), and *Commonwealth* v. *Francis, ante* 750 (1978). This case is before us on the defendant's appeal, under G. L. c. 278, §§ 33A-33G, from the imposition of sentences on the defendant in his absence and the denial of a motion to vacate the sentences. We hold there was no error.

On June 22, 1976, the defendant was found guilty in the Central District Court of Worcester on two complaints charging larceny and use of a motor vehicle without authority. He was sentenced to a term of six months in a house of correction on the larceny charge and a concurrent term of six months on the use without authority charge. He claimed appeals to the Superior Court in Worcester County for trial de novo on both complaints.

On August 9, 1976, the defendant was convicted in the Central District Court of Worcester on five additional complaints charging unlawful possession of a firearm, possession of burglarious instruments, failure to keep his vehicle to the right, operation of a motor vehicle with defective equipment, and receiving stolen goods. He was sentenced to a term of one year in a house of correction on the firearms

violations, placed on probation for the possession of burglarious instruments, given fines on the motor vehicle violations, and a suspended sentence on the receipt of stolen goods charge. He also claimed appeals to the Superior Court for trial de novo on these convictions.

The first two complaints were on the Superior Court trial list for September 14, 1976, and the five remaining complaints were on the list for September 27, 1976. Although the defendant appeared for a pre-trial conference on July 7, on the first two complaints, he failed to appear for trial on September 14 and September 27. As a result, default was entered and capias issued against him on each complaint. The judge invoked G. L. c. 278, § 24, and imposed the same sentences on the defendant as were imposed in the District Court.

On October 25, the defendant was arrested and brought into court, where counsel was appointed for him. At that time, the defendant filed a motion to revoke the sentences imposed under G. L. c. 278, § 24, and an affidavit in support thereof, alleging, in part, that he had never received the notice to appear in the Superior Court. An evidentiary hearing was held on the motion to revoke.

At the hearing there was evidence that the defendant had had four different addresses from the time of his arrests on the District Court complaints until he was defaulted in the Superior Court. At the time of his initial arrest, the defendant gave his address as 33 Cambridge Street, Worcester, which was also the address of his mother. It was to that address that a notice to appear for a pre-trial conference on July 7 was sent to the defendant, and to which notice he responded. However, during the processing of his cases through the District Court to the Superior Court, the defendant claimed three other addresses: 7 Goulding Street, Worcester; 2505 Haven Road, Virginia Beach, Virginia; and 586 Main Street, Worcester. The first two of these addresses appeared in the clerk's office, the last one did not.[1]

---

[1] Although there was evidence that when the defendant came to the July 7 pre-trial conference, he informed the probation department that

The pre-trial notice to appear in court on September 14 for the first two offenses was mailed to the defendant on August 31, addressed to 33 Cambridge Street, Worcester. The notice to appear on September 27 for the other five offenses was mailed to him on September 13, addressed to 2505 Haven Road, Virginia Beach, Virginia.[2]

There was evidence that after the defendant's first two cases were called on September 14, and he did not appear, the judge asked the clerk to issue a summons to the defendant at 7 Goulding Street, Worcester, which the clerk did. The summons was not served because the defendant could not be found at that address. However, service of the summons was subsequently made by leaving a copy thereof at 33 Cambridge Street, Worcester. The clerk also mailed a copy of the summons to the defendant at 2505 Haven Road, Virginia Beach, Virginia. When the defendant did not appear on September 21, he was defaulted on the first two offenses, and when he failed to appear on September 27, he was similarly defaulted on the other five offenses.

After the hearing on October 25, the judge denied the defendant's motion to revoke the sentences. On October 27, he filed a memorandum in which he stated, in part, that G. L. c. 278, § 24, "has proved essential in the adminis-

his address was 586 Main Street, Worcester, there was additional evidence that the defendant did not inform the clerk of the Superior Court of this address.

[2] There was evidence at the hearing that this latter notice was mailed to the defendant on September 14, 1976, addressed to him at 33 Cambridge Street, Worcester. The court docket shows the notice to have been mailed on September 13, and the summary of the record indicates that the notice was mailed to the Virginia address. This discrepancy is of no significance to our decision in the case.

Additionally, there was evidence that notices to the defendant to appear for hearing or trial on the appeals had, in fact, been mailed to him at three different addresses: 33 Cambridge Street, Worcester; 7 Goulding Street, Worcester; and 2505 Haven Road, Virginia Beach, Virginia. It is unclear from the transcript, however, whether these notices were sent in regard to the July 7 pre-trial conference date, or to the September 14 or September 27 dates.

tration of justice in order that there be some sanction that the defendant appear or at least notify the Court of any change of address after he appeals from the District Court conviction." In reiterating his denial of the defendant's motion to revoke, the judge found that the defendant had not so notified the court as to his change of address. The defendant's exception to the judge's denial was recorded.[3]

The defendant claimed appeals, assignments of error were filed, and the cases were entered in the Appeals Court. We granted a request for direct appellate review.

The defendant raises much the same arguments as the defendants in *Commonwealth* v. *Bartlett* and *Commonwealth* v. *Francis*. He claims that the judge erred in refusing to revoke the sentences he imposed pursuant to G. L. c. 278, § 24, because the defendant did not receive notice to appear, and, thus, cannot be held to have failed "to enter and prosecute" his appeal. In this vein, he argues that his failure to appear in court when his cases were called, was due to the failure of the clerk's office to notify him, and was not the result of his own negligence. The defendant also argues that G. L. c. 278, § 24, on its face, and as here applied, acts as a deprivation of his constitutional right to trial by jury. We disagree with these contentions, and think the present facts are even stronger than those in *Commonwealth* v. *Francis* to support the imposition of sentences under G. L. c. 278, § 24.

In the present case the clerk, at various intervals, mailed notices to appear to the defendant to at least three different addresses: 33 Cambridge Street, Worcester; 7 Goulding Street, Worcester; and 2505 Haven Road, Virginia Beach, Virginia. Summonses were also issued for mailing or service on the defendant at the three addresses. Although the defendant had responded in July, 1976, to notice of a pre-trial

---

[3] The defendant also moved that the cases be subject to G. L. c. 278, §§ 33A-33G, which motion was allowed. He further moved to stay execution of the sentences pending appeal. Those motions were denied and exceptions were taken. A Justice of the Appeals Court subsequently stayed the sentences.

conference mailed to him at the Cambridge Street address, he did not respond to any other notices or summonses sent to him there. On these facts we conclude that the clerk's office did all it was required to do to notify a seemingly transient defendant.

We held in *Commonwealth* v. *Francis, supra* at 754, that, where the clerk of the Superior Court mailed notice to appear to the defendant's address appearing on the records of the clerk, and the defendant did not receive the notice because he had moved and had not informed the clerk's office of his new address, the Commonwealth was not precluded from proceeding on the defendant's case. Similarly, in this case the defendant's failure to appear was due to his own conduct, and, as such, constituted a "solid default" of appearance so as to invoke disposition of his case pursuant to G. L. c. 278, § 24. *Id. Commonwealth* v. *Bartlett, supra* at 748. *Commonwealth* v. *Coughlin,* 372 Mass. 818, 821 (1977).

As to the defendant's claim that G. L. c. 278, § 24, on its face and as here applied, deprives him of his constitutional right to trial by jury, we have today rejected the identical argument by the defendant in *Commonwealth v. Francis, supra* at 755-759. We now reject that argument by the defendant here, and hold that by virtue of his failure to appear in the Superior Court when required to do so for the trial of the cases on which he had appealed, the defendant waived his right to trial by jury.

*Judgments affirmed.*