Merrimack
No. 89-341

THE STATE OF NEW HAMPSHIRE

v.

JOHN BOUSQUET

August 1, 1990

*John P. Arnold*, attorney general (*Mark E. Howard*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J.   The defendant, John Bousquet, appeals the denial by the Superior Court (*Dunn*, J.) of his motion to reinstate, in that forum, his appeal from the Concord District Court requesting a trial *de novo* by jury. We affirm.

On May 21, 1987, the defendant was tried and convicted in Concord District Court (*Sullivan*, J.) on charges of misdemeanor assault, RSA 631:2-a, and criminal threatening, RSA 631:4. He was sentenced to two consecutive twelve-month terms in the house of correction. Pursuant to RSA 599:1, that same day he appealed both convictions to the superior court for a trial *de novo* and requested a jury.

The defendant's appeal was scheduled for trial in superior court on December 7, 1987, but after he failed to appear, his bail was forfeited and his cases were remanded by the Superior Court (*Manias*, J.) to the Concord District Court for imposition of the two sentences. *See* RSA 599:3, :4. The superior court's notice of decision was sent to counsel and the defendant, but the defendant's copy was returned undelivered with the envelope annotated to indicate that the defendant did not live at the stated address. The envelope was also stamped "Moved—Left No Address." According to defense counsel, the failure to appear in superior court was attributable to "some sort of confusion about the Court's dates."

Defendant's counsel then filed a written motion, uncontested by the State, to vacate the remand order, reinstate the appeals and consolidate the appeals for trial. The Superior Court (*Manias*, J.) granted the motion and set the consolidated cases for trial on April 4, 1988. Notice of the granting of the motion and the new trial date was sent to counsel and the defendant. For reasons not appearing in the record before us, the defendant's notice was returned, apparently undeliverable to the address stated on it, and a new notice was sent to another address.

The April 4 trial date was continued until July 11, 1988, and the defendant and counsel were notified accordingly. The defendant again failed to appear for trial on July 11, and on the following day

defense counsel moved to withdraw and the motion was granted on July 26, 1988. For the second time, the Superior Court (*Flynn*, J.) remanded the misdemeanor appeals to the district court for imposition of the two sentences.

Ten months later, on May 17, 1989, the defendant was arrested on bench warrants from Concord District Court, and without a hearing in either district or superior court, was taken to the house of correction to begin serving the two sentences. On May 26, 1989, the defendant filed a motion to reinstate his appeal, asking once again for a jury trial. On July 17, 1989, after a hearing, the Superior Court (*Dunn*, J.) denied the defendant's motion. This appeal followed.

Defendant argues that the court's denial of his motion to reinstate his appeal violated his right protected under part I, article 15 of the New Hampshire Constitution, and under the sixth and fourteenth amendments to the Constitution of the United States, to a trial by jury. He asserts that under our holding in *State v. Hewitt*, 128 N.H. 557, 561, 517 A.2d 820, 822–23 (1986), in order to waive this right, part I, article 15 requires him to provide an express, personal waiver, and that since his failure to appear for trial in superior court did not constitute such a waiver, the court's dismissal denied him his constitutional right. Further, he contends that *Patterson v. Illinois*, 487 U.S. 285, 298 (1988), requires the same result under the sixth and fourteenth amendments.

The State contends that in the New Hampshire two-tier system for the adjudication of lesser criminal offenses, a defendant is required to enter an appeal from district court, requesting a trial *de novo* by jury in superior court, and to prosecute it there. *See* RSA 599:3. This latter requirement, the State argues, implies a mandate that the defendant appear for trial. Such a requirement, the State continues, is a reasonable regulation on the exercise of the right to a jury trial, and an inexcusable failure to fulfill this requirement and appear for trial in the superior court constitutes a waiver of the right under both the State and Federal Constitutions. In support of its argument, the State relies on *Preston v. Seay*, 541 F. Supp. 898 (D. Mass. 1981), *aff'd*, 684 F.2d 172 (1st Cir. 1982), holding the Massachusetts doctrine of "deemed waiver" in its two-tier criminal system to be non-violative of the federal constitutional right to a jury trial. The State also asserts in a footnote in its brief that defendant's appeal is time-barred under RSA 599:1-a, which allows for only a three-day grace period to file the appeal, since defendant appealed ten months after the final remand of his appeals. We do not address this

argument, however, as it was not properly briefed. We agree with the State that neither the defendant's sixth amendment right, nor his right under part I, article 15, to a jury trial were violated by the superior court's denial of his motion to reinstate his appeal.

Having properly preserved both his State and federal constitutional claims, *see State v. Fowler*, 132 N.H. 540, 545, 567 A.2d 557, 560 (1989), we first consider the defendant's State claim, looking to federal law not as binding precedent but only for guidance. *See State v. Scarborough*, 124 N.H. 363, 368, 470 A.2d 909, 913 (1983). We find no violation of State law and do not separately address the federal claim, as under the facts of this case we determine defendant's federal constitutional rights to be no greater than those protected under the State Constitution. *See id.*

Part II, article 77 of the New Hampshire Constitution and RSA chapter 599 provide for appeals from convictions in municipal or district court. N.H. CONST. pt. II, art. 77; RSA ch. 599 (1986 & Supp. 1989). A person sentenced by a district or municipal court may appeal, at the time the sentence is declared, to the superior court for a *de novo* trial and request a jury, but the defendant must enter the appeal at the next return day unless the superior court extends the time for good cause shown. RSA 599:1 (Supp. 1989). If the defendant fails to appeal at the time the sentence is declared, the defendant may petition the district or municipal court, within three days from the date sentence is declared, to enter a late appeal, RSA 599:1-a, or if the defendant fails to appeal within the three-day time limit, whether through mistake, accident, or misfortune, the defendant may, within thirty days from the time the sentence is declared, petition the superior court to be allowed an appeal. RSA 599:1-b. Before the appeal is allowed, the defendant shall post bail or surrender to the proper authority for commitment to the county jail or house of correction, pending appeal. RSA 599:2. If the defendant fails to enter the appeal within the time allowed and to prosecute the appeal, bail shall be forfeited and the district or municipal court shall enforce the original sentence. RSA 599:3, :4.

The New Hampshire two-tier system is similar to the Massachusetts two-tier system. In Massachusetts one can appeal for a trial *de novo* from the district court sitting without a jury to the jury division of the district court where a jury of six is available, MASS. GEN. LAWS ANN. ch. 278, § 18 (1981); *id.* ch. 218, § 27A (1990), and if the defendant fails to enter and prosecute the appeal, bail is forfeited

and the district court jury session can impose sentence, *id.* ch. 278, § 24.

The defendant contends that under *State v. Hewitt*, 128 N.H. at 561, 517 A.2d at 822–23, he can only waive his State constitutional right to a jury trial with a personal waiver which indicates his understanding of this right. While our holding today in no way affects the continued validity of *Hewitt*, given the facts present here that case is not controlling. In *Hewitt*, the defendant was tried originally in the superior court, and did not appeal, as did the defendant in the case before us, from a district court to the superior court in the two-tier system. *See id.* at 557, 517 A.2d at 820. Moreover, there the defendant appeared for trial but simply sat in silence while his counsel accepted a depleted panel of eleven jurors in place of the usual panel of twelve. *Id.* at 558, 517 A.2d at 820. Here, defendant appealed in the two-tier system and failed to appear for trial by jury in the superior court, apparently because of his own neglect. Given the facts here we are guided by federal law and the decisions of other States in holding that the defendant's rights under part I, article 15 of the New Hampshire Constitution were not violated by the superior court's denial of his motion to reinstate his appeal. We emphasize, however, that despite our adoption in this case of the same level of protection as is provided by the sixth amendment to the United States Constitution, our decision today is based on our own interpretation of part I, article 15.

In *Ludwig v. Massachusetts*, 427 U.S. 618 (1976) (construing MASS. GEN. LAWS ANN. ch. 278, §§ 2, 18 (1972 & Supp. 1976–77) (amended 1978); *id.* ch. 218, § 27A (amended 1978, 1979, 1984)) the United States Supreme Court upheld the validity of the Massachusetts two-tier system against a challenge that it deprived the accused, Ludwig, of his fourteenth and sixth amendment right to a jury trial, holding the two-tier system a fair and not unduly burdensome regulation on the exercise of the federal right to a jury trial. 427 U.S. at 624–30. The court reserved, however, the question of "whether a failure to take an appeal would constitute a knowing and intelligent waiver of the right to trial by jury." *Id.* at 622 n.1 (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). This question was subsequently addressed in three cases arising out of the Massachusetts two-tier system.

In *Commonwealth v. Francis*, 374 Mass. 750, 374 N.E.2d 1207, *appeal dismissed*, 439 U.S. 805 (1978), defendant Francis appealed his Massachusetts conviction in district court to the superior court

for a trial *de novo* by jury. 374 Mass. at 751, 374 N.E.2d at 1208. Francis never received notice of the trial date and had failed to inform the clerk's office of his change of address. *Id.* When he failed to appear for trial, the superior court defaulted him on his appeal, imposed the sentence given in the district court and denied Francis' motion to revoke the sentence. *Id.* at 751–52, 374 N.E.2d at 1208. The Supreme Judicial Court held that Francis' failure to appear in these circumstances constituted a "solid default" of appearance warranting disposition of the appeal in accordance with Massachusetts General Laws, chapter 278, section 24, *id.* at 754, 374 N.E.2d at 1209, and that such a deemed waiver of the right to a jury trial under chapter 278, section 24 constituted a reasonable regulation on the exercise of the sixth amendment right to a jury trial within the meaning of *Ludwig, id.* at 759, 374 N.E.2d at 1212.

Similarly, in *Commonwealth v. O'Clair*, 374 Mass. 759, 374 N.E.2d 1212, *appeal dismissed*, 439 U.S. 805 (1978), the Massachusetts Supreme Judicial Court held that, in the context of defendant O'Clair's appeal in the two-tier system, where O'Clair responded to only one notice of a pre-trial conference sent to him at one of three addresses and to no other notices sent to him at those addresses, his conduct constituted a "solid default" of appearance so as to require disposition of his appeal pursuant to Massachusetts General Laws, chapter 278, section 24. 374 Mass. at 764, 374 N.E.2d at 1215. By his failure to appear, the court held, O'Clair waived his right to trial by jury. *Id.* Appeals in both *Francis* and *O'Clair* were dismissed by the United States Supreme Court "for want of a substantial federal question." *Commonwealth v. Francis*, 374 Mass. 750, 374 N.E.2d 1207, *appeal dismissed*, 439 U.S. 805; *Commonwealth v. O'Clair*, 374 Mass. 759, 374 N.E.2d 1212, *appeal dismissed*, 439 U.S. 805.

In *Preston v. Seay*, 541 F. Supp. 898, the court considered in a petition for habeas corpus the question left open in a footnote to *Ludwig*, and subsequently answered in the affirmative by *Francis* and *O'Clair*, that is, whether a defendant may constitutionally lose the right to jury trial by inexcusably failing to appear as directed after appealing from a conviction before a judge sitting without a jury in a two-tier system, and held that the question was answered by the United States Supreme Court's dismissal of *Francis* and *O'Clair* for want of a substantial federal question. *Id.* at 903. The court quoted the Supreme Court's instructions that

"'unless and until the Supreme Court should instruct otherwise, inferior federal courts had best adhere to the view that

if the Court has branded a question as unsubstantial, it remains so except when doctrinal developments indicate otherwise.'"

*Id.* (quoting *Hicks v. Miranda*, 422 U.S. 332, 344 (1975)).

The court then considered whether *Edwards v. Arizona*, 451 U.S. 477 (1981), represented such a new doctrinal development. *Edwards* requires a waiver of the right to counsel to be knowing and intelligent, and distinguishes this waiver standard from the less vigorous waiver standard in *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973), involving waiver of the federal fourth amendment right to be protected against unreasonable and warrantless searches. *Preston*, 541 F. Supp. at 903–04 (quoting *Edwards v. Arizona*, 451 U.S. at 482–84). The *Preston* court concluded that the *Edwards* standard was not a new doctrinal development, but had existed before dismissal of the appeals in *O'Clair* and *Francis*, and that the Supreme Court had treated the issue of deemed waiver in the latter cases as one distinguishable from the issue of waiver of the right to counsel under *Edwards*. *Id.* at 904. Consequently, the court held that "the specific holding necessarily implicit in the dismissal of the appeals in *O'Clair* and *Francis* continues to control the issue presented by petitioner." *Id.* at 904.

We are guided by the reasoning of *Preston v. Seay* in our interpretation of part I, article 15; consequently, *Francis* and *O'Clair*, and the dismissal of their appeals by the Supreme Court, will control the decision here unless a new doctrinal development has arisen since these dismissals that mandates a different result. The defendant invites us to adopt *Patterson v. Illinois*, 487 U.S. 285, as that new development. We decline to do so.

In *Patterson v. Illinois*, 487 U.S. at 293, the United States Supreme Court held that the administration of *Miranda* warnings was sufficient to advise the defendant of his sixth amendment right to have counsel present during his post-indictment questioning. The Court rejected petitioner's argument that a waiver of the sixth amendment right to counsel should be more difficult to effectuate than a waiver of fifth amendment rights, *id.* at 297, and developed the analogy of a spectrum along which it would be more or less difficult to waive the sixth amendment right to counsel, depending on the "purposes a lawyer can serve at the particular stage of the proceedings in question, and what assistance he could provide to an accused at that stage. . . ," *id.* at 298. At the end of the spectrum involving right to counsel at trial, as opposed to pre-trial procedures such as post-indictment photographic display identification, the Court observed, "recognizing the enormous importance and role that an at-

torney plays at a criminal trial, we have imposed the most rigorous restrictions on the information that must be conveyed to a defendant, and the procedures that must be observed, before permitting him to waive his right to counsel at trial." *Id.*

Defendant asserts that this latter language in *Patterson* supports his argument that a waiver of rights that are exercised at trial, including the right to a jury, is subject to the most rigorous restrictions and that the simple voluntariness standard relied upon in *Preston* for a waiver of the right to trial by jury is insufficient. We do not agree.

*Patterson* deals with waiver of the sixth amendment right to counsel rather than the right to trial by jury. In this regard *Patterson's* spectrum analogy is inapposite here. The right to jury trial being exercisable only at trial, the jury is not more useful to a defendant at one point along *Patterson's* spectrum than at another. Also, the *Patterson* spectrum does not easily adapt itself to other constitutional rights. For example, a waiver of the right not to incriminate one's self must conform to a rigorous standard, *see Miranda v. Arizona*, 384 U.S. 436 (1966), yet this right is not always, nor even usually, exercised at trial. More importantly, the Court's analysis emphasizing the importance at trial of the right to counsel has existed since before the dismissal of the appeals in *Francis* and *O'Clair* and therefore does not represent a new doctrinal development. *See Patterson*, 487 U.S. at 298 (citing *United States v. Ash*, 413 U.S. 300, 313–20 (1973); *Faretta v. California*, 422 U.S. 806, 835–36 (1975)).

*Patterson* not representing a new doctrinal development relevant to the question before us, we are guided by *Francis*, *O'Clair* and *Preston*. As in *Francis* and *O'Clair*, the defendant here defaulted not because of a mistake on the part of the clerk's office in mailing notice to him, but because of his own inexcusable failure to appear. In these circumstances, we hold that the defendant failed to prosecute his appeal within the meaning of RSA 599:3, and can reasonably be deemed to have waived his right to a trial by jury. Thus it was appropriate for the superior court to dispose of his appeals under RSA 599:4 by remanding his cases to the district court for the imposition of the two twelve-month sentences. RSA 599:3 acts as a reasonable regulation on the exercise of the right to a jury trial, and the superior court's denial of the defendant's motion to reinstate his appeals did not unconstitutionally infringe upon this right under part I, article 15 of the State Constitution.

*Affirmed.*

HORTON, J., did not sit; THAYER, J., concurred in the result; the others concurred.